IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal No. CCB-14-170 |
| ROBERT HARRISON | * | |

* * * * * * * * * * * * *

MOTION TO SUPPRESS EVIDENCE
OBTAINED AS THE RESULT OF AN ILLEGAL SEARCH AND SEIZURE

Defendant Robert Harrison, through his undersigned counsel, C. Justin Brown, hereby moves this Honorable Court to suppress any evidence obtained as a result of the illegal search and seizure conducted by the Baltimore City Police Department on March 27, 2014, at 3805 Chatham Road in Baltimore, Maryland. In support of this motion, Defendant states the following:

I. BACKGROUND FACTS

The Defendant is charged with Conspiracy to Use Interstate Commerce Facilities in the Commission of Murder-For-Hire, in violation of Title 18 U.S.C. § 1958.

The Government's theory is that Harrison was enlisted by co-defendant Derrick Smith to assist with a fictitious murder-for-hire plot. According to discovery provided by the Government, the plot originated with information provided to law enforcement by a confidential source ("CW1"). CW1 told authorities that Smith was a hit man for hire and, under the supervision of law enforcement, CW1 initiated contact with Smith to propose that Smith commit a fictitious murder.

CW1 worked with an undercover police officer (UC) to convince Smith to agree to the plot. On February 4, 2014, the UC provided Smith with a cellular telephone, ending in the number

6749. In the weeks leading up to Smith's arrest, CW1 and UC placed multiple phone calls to this number. Some of the calls were answered by individuals other than Smith. The Government theorizes that one of the people who used the phone was Harrison.

On the date of Smith's arrest, March 27, 2014, he was followed by the FBI. According to Government reports, Smith left his girlfriend's home in a "hack," went to Harrison's home, briefly entered Harrison's home, and eventually left for a prearranged meeting with the CS at Motel 6 at 1401 Bloomsfield Ave.

Smith was arrested at the Motel 6 almost as soon as he arrived. Some time after the arrest of Smith, Baltimore City Police officers entered Harrison's home, a third floor apartment, without a warrant, without consent and without exigent circumstances. They arrested Harrison on the spot, at around 2:45 p.m., and conducted a search of the home. According to the FBI agents who prepared a report of the arrest, the warrantless arrest was authorized by AUSA James Warwick.

As a result of the illegal arrest and search, the Government claims to have obtained Harrison's statement and the cellular telephone (ending in the number 6749) that the CS had provided to Smith.

## II. LEGAL BACKGROUND

Under the Fourth Amendment, all searches and seizures must be reasonable, and a warrant may not be issued unless (a) probable cause is properly established, and (b) the scope of the authorized search is set out with particularity. *Payton v. New York*, 445 U.S. 573, 584 (1980). It follows that "searches and seizures inside a home without a warrant are presumptively unreasonable." *Groh v. Ramirez*, 540 U.S. 551, 559 (2004). The presumption of unreasonableness may be overcome by certain exceptions. *Brigham City v. Stuart*, 547 U.S. 398, 403 (2006). One exception arises when "the exigencies of the situation make the needs of law

enforcement so compelling that [a] warrantless search is objectively reasonable under the Fourth Amendment." *Mincey v. Arizona*, 437 U.S. 385, 394 (1978); *see also Payton*, 445 U.S. at 590 ("[T]he Fourth Amendment has drawn a firm line at the entrance to the house. Absent exigent circumstances, that threshold may not reasonably be crossed without a warrant").

The Supreme Court has identified several exigencies that may justify a warrantless search of a home, including instances in which officers need to enter a home to render emergency assistance to someone inside; when officers are in hot pursuit of a suspect; and when there exists a need to prevent imminent destruction of evidence. *See Brigham City*, 547 U.S. at 403; *Kentucky v. King*, 131 S. Ct. 1849, 1856-57 (2011).

Under the exclusionary rule, the fruit of an illegal search and seizure is inadmissible and must be excluded from trial. *Mapp v. Ohio*, 367 U.S. 643 (1961).

### III. ARGUMENT

The arrest of Harrison in his home and the search incident to arrest were illegal because they occurred without a warrant and without exigent circumstances.

There is no dispute that the police did not have a warrant to arrest Harrison. Nor is there a dispute that the police entered the apartment where Harrison was living without Harrison's consent.

Moreover, there were no exigent circumstances. There was no danger to anyone inside the apartment. There was no evidence in danger of being destroyed. (And if there was any such danger, it was created by the officers' own actions – *i.e.* knocking on the door or opening the door.) Finally, the police were not in pursuit of Harrison and they did not follow him into the residence. Harrison had no way of knowing the police were even near the apartment.

There was no reason that the police could not have obtained a warrant prior to arresting Harrison and searching his home. Thus, the arrest and subsequent search were illegal, and all fruits thereof must be suppressed.

### IV. CONCLUSION

For the reasons described above, defendant Harrison respectfully requests that this Court grant this Motion, rule that the arrest of Harrison and search of 3805 Chatham Road were illegal, and order the exclusion of all fruits of this search.

Respectfully submitted,

_____/s/_____

C. Justin Brown
THE LAW OFFICE OF C. JUSTIN BROWN
231 E. Baltimore St., Suite 1102
Baltimore, MD 21202
Tel: 410-244-5444

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of June, 2014, a copy of the foregoing Motion was sent to each of the parties via CM/ECF.

_____/s/_____
C. Justin Brown